IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CLAUDE RILEY                                                                                    PLAINTIFF

VS.                                                                                   No. 1:05CV255-D-D

GEORGIA PACIFIC CORPORATION, ET. AL                                                     DEFENDANTS

OPINION GRANTING MOTION TO DISMISS

Presently before the Court is Defendant Georgia-Pacific Corporations's ("Georgia-Pacific") Motion to Dismiss this action pursuant to Rule 4(h) of the Mississippi Rules of Civil Procedure. Upon due consideration, the Court finds that the motion shall be granted.

*A. Factual Background*

The Plaintiff originally filed this action on May 19, 2005, in the Circuit Court of Attala County, Mississippi, seeking damages for personal injuries sustained as a result of exposure to asbestos. Plaintiff alleges that he was exposed to asbestos as a result of working with products manufactured by the Defendant. The Plaintiff was diagnosed on May 21, 2002, with asbestosis, an asbestos-related medical condition. Plaintiff alleges that exposure to Defendant's products containing asbestos caused this medical condition. The Plaintiff effected service on the Defendant on September 19, 2005.

The Defendant successfully removed this action to this Court citing diversity jurisdiction and improper joinder of Defendant Komp Equipment Company, Inc., on October 14, 2005. Plaintiff did not file a motion to remand. Defendant Georgia-Pacific now moves this Court to dismiss this action for insufficient service of process. Defendant Georgia-Pacific alleges that the Plaintiff served it one-hundred and twenty-three days after the filing of the complaint; outside of

the one-hundred and twenty day time period mandated by Rule 4(h) of the Mississippi Rules of Civil Procedure and Rule 4(m) of the Federal Rules of Civil Procedure.

*B. Discussion*

1. Insufficiency of Service of Process

Service of the summons and the complaint must be made upon a defendant within one-hundred and twenty days after the filing of the complaint. Miss. R. Civ. P. 4(h); Fed R. Civ. P. 4(m). The Court may extend the time for service if the plaintiff shows good cause for its failure to effectively serve. Id. If the Plaintiff does not serve a defendant within one-hundred and twenty days and does not show good cause; then, the Court shall dismiss the action without prejudice. Id. The sufficiency of service of process prior to removal is strictly a state law issue. Freight Terminals, Inc. v. Ryder System, Inc., 461 F.2d 1046 (5th Cir. 1972); Lee v. City of Beaumont, 12 F.3d 933 (9th Cir. 1993). In the present case, the Plaintiff did not serve the Defendant until one-hundred and twenty-three days elapsed. The Plaintiff has not filed for an extension of time nor has he shown good cause for his failure to properly serve the Defendant. The Complaint was filed in May and Defendant moved for dismissal in October. Plaintiff has had ample time to show good cause or properly serve the Defendants. Therefore, the Court shall dismiss this action without prejudice in accordance with Rule 4(h) of the Mississippi Rules of Civil Procedure and Rule 4(m) of the Federal Rules of Civil Procedure.

In addition, the Plaintiff failed to respond to Defendant's motion to dismiss. As such, the Court may grant the motion as unopposed when a party fails to respond. Unif. Local Rule 7.2(C)(2).

*C. Conclusion*

Upon review, the Court finds that the Plaintiff served the Defendant after the one-hundred

and twenty day period elapsed. Therefore, the Court will dismiss the Plaintiff's claims against Defendant Georgia-Pacific without prejudice.

A separate order in accordance with this opinion shall issue this day.

This the 5th day of January 2006.

/s/ Glen H. Davidson
Chief Judge