IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CLAUDE RILEY                                                                                              PLAINTIFF

VS.                                                                                                    No. 1:05CV255-D-D

GEORGIA PACIFIC CORPORATION, ET. AL                                                        DEFENDANTS

## OPINION GRANTING MOTION TO DISMISS

Presently before the Court is Defendant Honeywell International, Inc.'s ("Honeywell") Motion to Dismiss this action pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. Upon due consideration, the Court finds that the motion shall be granted.

*A. Factual Background*

The Plaintiff originally filed this action on May 19, 2005, in the Circuit Court of Attala County, Mississippi, seeking damages for personal injuries sustained as a result of exposure to asbestos. Plaintiff alleges that he was exposed to asbestos as a result of working with products manufactured by the Defendant. The Plaintiff was diagnosed on May 21, 2002, with asbestosis, an asbestos-related medical condition. Plaintiff alleges that exposure to Defendant's products containing asbestos caused this medical condition. The Plaintiff effected service on the Defendant on September 19, 2005.

The Defendant successfully removed this action to this Court citing diversity jurisdiction and improper joinder of Defendant Komp Equipment Company, Inc., on October 14, 2005. Plaintiff did not file a motion to remand. Defendant Honeywell now moves this Court to dismiss this action for insufficient service of process. Defendant Honeywell alleges that the Plaintiff served it one-hundred and twenty-three days after the filing of the complaint; outside of the one-

hundred and twenty day time period mandated by Rule 4(h) of the Mississippi Rules of Civil Procedure and Rule 4(m) of the Federal Rules of Civil Procedure. In addition, Defendant Honeywell now moves this Court to dismiss this action for failure to state a claim alleging that the statute of limitations on Plaintiff's claims has now run.

### B. Standard of Review

When considering a motion to dismiss for failure to state a claim under 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. See Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996); Am. Waste & Pollution Control Co. v. Browning-Ferris, Inc., 949 F.2d 1384, 1386 (5th Cir. 1991). Dismissal is warranted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." Piotrowski v. City of Houston, 51 F.3d 512, 514 (5th Cir. 1995) (quoting, Leffal v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994)). In deciding whether dismissal is warranted, the court will not accept conclusory allegations in the complaint as true. See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982).

### C. Discussion

#### 1. Insufficiency of Service of Process

Service of the summons and the complaint must be made upon a defendant within one-hundred and twenty days after the filing of the complaint. Miss. R. Civ. P. 4(h); Fed R. Civ. P. 4(m). The Court may extend the time for service if the plaintiff shows good cause for its failure to effectively serve. Id. If the Plaintiff does not serve a defendant within one-hundred and twenty days and does not show good cause; then, the Court shall dismiss the action without prejudice. Id. The sufficiency of service of process prior to removal is strictly a state law issue.

Freight Terminals, Inc. v. Ryder System, Inc., 461 F.2d 1046 (5th Cir. 1972); Lee v. City of Beaumont, 12 F.3d 933 (9th Cir. 1993). In the present case, the Plaintiff did not serve the Defendant until one-hundred and twenty-three days elapsed. The Plaintiff has not filed for an extension of time nor has he shown good cause for his failure to properly serve the Defendant. The Complaint was filed in May and Defendant moved for dismissal in November. Plaintiff has had ample time to show good cause or properly serve the Defendants. Therefore, the Court will dismiss this action.

2. Statute of Limitations

In Mississippi, all actions that have no other period of limitation shall be commenced within three (3) years after the cause of such action accrued. Miss. Code Ann. § 15-1-49(1) (1972). "In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury." Miss. Code Ann. § 15-1-49(2) (1972). Under Mississippi law, the cause of action accrues and the limitation period begins to run in an asbestos case when the Plaintiff is diagnosed with asbestosis. Owens-Illinois, Inc. v. Edwards, 573 So. 2d 704, 709 (Miss. 1990). See Schiro v. American Tobacco Co. 611 So. 2d 962, 965 (Miss. 1992) (holding that the accrual date for a cause of action arose on the date a doctor diagnosed the illness).

The filing of the complaint even without service of process tolls the statute of limitations for the 120-day period allowed by Rule 4(h) of the Mississippi Rules of Civil Procedure. Erby v. Cox, 654 So. 2d 503, 505 (Miss. 1995). However, if service of process is not effected during the 120-day period provided by Rule 4(h), then the running of the statute of limitations resumes. Owens v. Mai, 891 So. 2d 220, 224 (Miss. 2005); Triple "C" Transport, Inc. v. Dickens, 870 So.

2d 1195, 1199-1200 (Miss. 2004); Perry v. Andy, 858 So. 2d 143, 147 (Miss. 2003); Fortenberry v. Mem'l Hosp. at Gulfport, Inc. 676 So. 2d 252, 254 (Miss. 1996). "The fact that dismissal may work to preclude this action because of the running of the statute of limitations is of no consequence." Young v. Hooker, 753 So. 2d 456, 462 (Miss. 1999). See Also Peters v. United States, 9 F.3d 344, 345-46 (5th Cir. 1993) (holding that dismissal for failure to timely serve process is appropriate even when the claims would be precluded by the applicable statute of limitations).

In the case *sub judice*, the Court finds that the Plaintiff was diagnosed with asbestosis on May 21, 2002, and filed his complaint on May 19, 2005; two days prior to the running of the statute of limitations. The Court finds the Plaintiff filed his complaint prior to the running of the statute of limitations and that the statute was tolled for a period of one-hundred and twenty days ending on September 16, 2005. The Court also finds that the Defendant was served with process and the complaint on September 19, 2005. Because the Defendant was not served within the one-hundred and twenty day statutory period, the statute of limitations resumed running. Thus, the statute of limitations would have expired on Monday, September 19, 2005. The last day of a period computed by the Rules of Civil Procedure shall be included unless it is a Saturday, Sunday, or legal holiday. Miss R. Civ. P. 6(a); See Fed. R. Civ. P. 6(a). If the last day falls on a Saturday, Sunday, or legal holiday, then the last day will be computed on the next day that is not a Saturday, Sunday, or legal holiday. Id. Thus, Defendant's contention that the statute of limitations ran on Sunday, September 18, 2005, is misplaced.

Because the Defendant were served outside of the one-hundred and twenty day period, the Plaintiff would have to re-file his complaint prior to the running of the statute of limitations, or show good cause why he failed to timely serve the Defendant. In the present case, the Plaintiff

has failed to do either. Thus, the Court is left with no other option except to dismiss Plaintiff's claims against Honeywell. The Court finds service was not completed within the specified time period and the statute of limitations began to run. The statute of limitations period expired on September 19, 2005, and Plaintiff failed to re-file his complaint or show good cause. Thus, the Plaintiff's claims are barred by the statute of limitations and the Defendant is dismissed from this action.

In addition, the Plaintiff failed to respond to Defendant's motion to dismiss. As such, the Court may grant the motion as unopposed when a party fails to respond. Unif. Local Rule 7.2(C)(2).

### D. Conclusion

Upon review, the Court finds that the Plaintiff's claims are barred by the statute of limitations, and the claims against the Defendant are dismissed with prejudice

A separate order in accordance with this opinion shall issue this day.

This the 5th day of January 2006.

/s/ Glen H. Davidson
Chief Judge